UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN EDWARDS,<br><br>                    Plaintiff,<br><br>v.<br><br>JOSHUA MILLS and VINTON HOWELL,<br><br>                    Defendants. | Case No. 1:17-cv-00128-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

The Clerk of Court conditionally filed pro se Plaintiff John Edwards' complaint as a result of his in forma pauperis request. Pursuant to 28 U.S.C. § 1915, the Court may review Edwards' in forma pauperis complaint to determine whether it may be summarily dismissed. Edwards, the only party appearing in this action, consented to the jurisdiction of a United States Magistrate Judge.[1] *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. The

---

[1] *See United States v. Real Property*, 135 F.3d 1312, 1316 (9th Cir. 1998) (holding a magistrate judge had jurisdiction to enter final judgment over defaulted person who was technically not a "party" to the litigation); *see also, Walters v. Astrue*, 2008 WL 618933 (N.D. Cal. 2008) (dismissing complaint pursuant to 28 U.S.C. § 1915(e)(2) where only plaintiff consented to magistrate judge, and defendants, who had not been served, were not considered parties to the action).

**MEMORANDUM DECISION AND ORDER  - 1**

Court now reviews Edwards' complaint to determine whether it, or any of the claims therein, should be summarily dismissed under 28 U.S.C. § 1915(e)(2). Having reviewed the record, and otherwise being fully informed, the Court enters the following Order.

## BACKGROUND

John Edwards filed a pro se complaint requesting in forma pauperis status on March 21, 2017, against Defendants Joshua Mills and Vinton Howell. Edwards' complaint alleges Defendants "falsified and re-wrote the Idaho statute code § 18-7008(8) for their own personal notice of trespass," and restricted his liberty interests for one year without authority. Edwards alleges also that Defendants "replaced the above law with their own trespass notice," and "made up vicious offensive mean lies" to take away his liberty.

The complaint indicates there was a case before Judge Nye, whom Edwards contends ruled in error against him. Edwards indicates he appealed the ruling to the Idaho Supreme Court, which affirmed Judge Nye's ruling.[2]

Attached to the complaint is a letter to Edwards dated June 29, 2015, authored by Vinton Howell, the Caldwell City Recreation Superintendent. The letter states that, pursuant to Idaho Code § 18-7008(8), Edwards is notified that he is "trespassed from

---

[2] The Court takes judicial notice of the docket in Case No. CV-2015-8958-C, *Edwards v. Mills*, which was dismissed by Judge Christopher Nye on February 25, 2016. The Court accessed the docket, which is available to the public, via the Idaho State Court repository. The Court also takes judicial notice of the Idaho Court of Appeals opinion dated February 17, 2017, affirming Judge Nye's judgment dismissing Edwards' complaint against Mills. Both the docket and the appellate court opinion are attached to this decision as Exhibit 1 and Exhibit 2, respectively.

**MEMORANDUM DECISION AND ORDER - 2**

Rotary Ponds and Memorial Park in Caldwell, Idaho for a period of one (1) year following the date" of service of the notice. The reason for the notice was Edwards' interference "with the attempts of animal control to contain cats within Rotary Ponds." The letter directed Edwards to contact Joshua Mills at the Caldwell City Attorney's Office if he had any questions. Howell and Mills are the defendants in this action.

According to the facts set forth in the unpublished opinion of the Court of Appeals of the State of Idaho in *Edwards v. Mills*, Opinion No. 370, the Animal Control Department of the city of Caldwell had ongoing issues with Edwards due to his conduct in city parks. Edwards apparently interfered with animal control officers attempting to trap cats, and threatened park visitors by driving dangerously. The city of Caldwell recreation superintendent served a notice on Edwards, presumably the same notice dated June 29, 2015, and attached to Edwards' complaint here, notifying him he was no longer welcome in city parks.

Edwards questioned the validity of the trespass notice, prompting the Caldwell city prosecutor, Joshua Mills, to write a letter of explanation. In response, Edwards filed a complaint against Mills. The district court explained to Edwards that, if he disregarded the notice, he would be charged with trespass. The district court then granted Mills' motion to dismiss the suit with prejudice. Edwards appealed, contending the district court erred in dismissing his complaint against Mills because Mills violated Edwards' due process rights. The court of appeals, in a detailed written opinion, affirmed the district court's order of dismissal. The court explained Edwards had not identified a constitutionally protected liberty or property interest necessary for a due process

**MEMORANDUM DECISION AND ORDER  - 3**

violation, and that the letter was lawfully issued. The court awarded costs and attorney fees to Mills on appeal.

## DISPOSITION

1. **Standard of Review**

Once a complaint has been conditionally filed pursuant to 28 U.S.C. § 1915, the Court may conduct an initial review of the complaint. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or any portion of it if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii).

Because Edwards is proceeding pro se, the complaint must be liberally construed, and Edwards must be given the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Additionally, if the complaint can be saved by amendment, Edwards should be notified of the deficiencies and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009).

2. ***Rooker-Feldman* Doctrine**

Federal district courts lack jurisdiction to review or set aside state court judgments; nor can a federal court adjudicate issues that are "inextricably intertwined" with those adjudicated by the state court. *See Johnson v. DeGrandy*, 114 S.Ct. 2647, 2653–56 (1994). This is known as the "Rooker–Feldman doctrine" which arises out of

**MEMORANDUM DECISION AND ORDER  - 4**

two Supreme Court cases. *Rooker v. Fidelity Trust Co.*, 44 S.Ct. 149, 150 (1923); *District of Columbia Court of Appeals v. Feldman*, 103 S.Ct. 1303, 1316 (1983).

The rationale for this doctrine is that a lower federal court cannot review or second guess state court judgments, even if litigants believe them to be wrongly decided. *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986) (judicial errors committed in state court must be corrected through appeals in the state court system, up through the United States Supreme Court). A district court can dismiss an action if a party in the state action attempts to relitigate issues presented to the state court. *Branson v. Nott*, 62 F.3d 287, 291–92 (9th Cir. 1995).

Furthermore, "[t]o determine whether an action functions as a [prohibited] de facto appeal, we 'pay close attention to the relief sought by the federal-court plaintiff.'" *See Cooper v. Ramos*, 704 F.3d 772, 777–78 (9th Cir. 2012) (quoting *Bianchi v. Rylaarsdam,* 334 F.3d 895, 900 (9th Cir. 2003)). Where the form of relief would constitute a reversal or "undoing of the prior state-court judgment," *Rooker–Feldman* directs that the lower federal courts lack jurisdiction. *Bianchi*, 334 F.3d at 900 (internal quotations and citations omitted).

It appears Edwards is attempting to create a federal claim to challenge a state court judgment. The relief requested effectively seeks to undo the state court's application of the law and the judgment of dismissal of Edwards' complaint against Mills in state court, either through an award of damages, via invalidation of the trespass charge, or by invalidation of the judgment of dismissal of his complaint against Mills. Edwards' requested relief therefore depends on a determination that the state courts committed

**MEMORANDUM DECISION AND ORDER - 5**

legal error in rendering a judgment of dismissal against him, and would require this Court to scrutinize the state court's application of governing law and procedure. This is exactly the type of de facto appeal prohibited by the *Rooker-Feldman* doctrine.

Edwards' claim against Defendants essentially asserts that the state court determination and the later appellate court determination were wrong, and he seeks to overturn the outcome of the state court action. Accordingly, the Court finds that the *Rooker-Feldman* doctrine applies, and this Court is without jurisdiction to provide the relief sought against Defendants.

**3.     Res Judicata**

Edwards is precluded also from relitigating his claims under ordinary res judicata principles. When determining the preclusive effect of a state court judgment, federal courts must "give the same preclusive effect to a state-court judgment as another court of that State would give." *Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 523 (1986) (citing *Full Faith and Credit Act*, 28 U.S.C. § 1738). Under Idaho law, claim preclusion, or true res judicata, applies where the following elements are met: (1) the present claim involves the same parties as the original action, or their privies; (2) the present claim arises out of the same transaction or series of transactions as the original action, such that identical claims were raised or could have been raised; and (3) the original action ended in a final judgment on the merits. *Berkshire Investments, LLC v. Taylor*, 278 P.3d 943, 951 (Idaho 2012).

Additionally, a federal court must dismiss a claim that is inextricably intertwined with a prior state court order or judgment. This arises when the state court judgment or

**MEMORANDUM DECISION AND ORDER  - 6**

ruling allegedly caused the injury to the plaintiff. *Tal v. Hogan*, 453 F.3d 1244, 1256–57 (10th Cir. 2006) (dismissing plaintiff's RICO conspiracy claim brought against litigants in the prior state court action); *see also Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993) (holding that a plaintiff may not seek a reversal of a state court judgment simply by characterizing it in a complaint as a civil rights action); *Williams v. Aztar Indiana Gaming Corp.*, 351 F.3d 294, 299–300 (7th Cir. 2003) (including allegations of a conspiracy and due process violations in a complaint was a transparent attempt to move a state court dispute to federal court).

Here, the present claim arises out of the same transaction as the original action brought by Edwards against Mills in state court. Edwards has not alleged any new grounds for suit or facts that have occurred since the Idaho Court of Appeals affirmed the district court's dismissal of his suit against Mills.

Next, Mills, and Howell, were either parties or in privity with parties to the prior state court action. Mills was the defendant in the state court action Edwards brought against him. And Howell, as the author of the initial letter directing Edwards to refrain from entering park property, appears to be in privity with Mills. In any event, there is substantial identity and sufficient commonality of interest between Howell and Mills, such as to implicate Howell here.

And finally, there was a final judgment on the merits of Edwards' claims. Edwards' claims of misconduct and impropriety, in relation to his due process rights, were all raised and rejected by the district court and the Idaho Court of Appeals, as evidenced from the judicially noticed documents attached hereto.

**MEMORANDUM DECISION AND ORDER - 7**

## IV.     Leave to Amend

Although Edwards has not requested such relief, leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

Here, the defects in the complaint cannot be cured by amendment. The Court lacks jurisdiction, and Edwards may not relitigate claims in this Court that were raised in the state court proceedings.

## CONCLUSION

For the foregoing reasons, the Court dismisses Edwards' Complaint in its entirety.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Plaintiff's Motion for In Forma Pauperis (Dkt. 1) is **DENIED**, and a judgment of dismissal with prejudice will be entered.

DATED: April 10, 2017

Honorable Candy W. Dale
United States Magistrate Judge